UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DERRICK MCKINZIE,                )
                                 )
    Plaintiff,                   )
                                 )
v.                               )   No. 4:09-CV-627 FRB
                                 )
MISSOURI DEPARTMENT OF           )
CORRECTIONS al.,                 )
                                 )
    Defendants.                  )

**MEMORANDUM AND ORDER**

This matter is before the Court for review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e).

**Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause

of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Amended Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are George Brown (Sergeant, Potosi Correctional Center) and Jane Doe (Nurse, Correctional Medical Services). The complaint seeks monetary relief.

Plaintiff alleges that he suffers from a disability and must use a cane to walk. Plaintiff further alleges that his prison doctor prescribed a medical lay-in for him, which stated that he required a lower bunk and the lower floor.

Plaintiff says that on February 2, 2007, he was assigned to administrative segregation for creating a disturbance. According to the exhibits attached to the amended complaint, there were no lower floor cells available in administrative segregation at that time.

Plaintiff claims that defendant Brown knew about the lay-in but deliberately chose to ignore it, forcing him to take a cell on the top floor. Plaintiff alternatively claims that Brown first called

defendant Jane Doe before sending him to the top floor and that Jane Doe negligently told Brown that plaintiff could be assigned to the top floor.

Plaintiff alleges that on February 5, 2007, he fell down the stairs and severely injured himself.

**Discussion**

The amended complaint survives initial review as to defendant Brown.

To state a claim for unconstitutional medical mistreatment, plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence will not suffice. Estelle, 429 U.S. at 106. To show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). The complaint merely alleges that defendant Jane Doe acted negligently when she told Brown that plaintiff could be assigned to a top floor. As a result, the complaint fails to state a claim against defendant Jane Doe, and the Court will dismiss Jane Doe from this action.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Jane Doe is **DISMISSED** from this action. An appropriate order of partial dismissal will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __25th__ day of September, 2009.