## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

DERRICK McKINZIE,                )
                                 )
                  Plaintiff,     )
                                 )
        v.                       )          No. 4:09CV627 FRB
                                 )
GEORGE BROWN,                    )
                                 )
                  Defendant.     )

## MEMORANDUM AND ORDER

This matter is before the Court upon several motions filed by plaintiff. Plaintiff has filed two motions for appointment of counsel, a motion for discovery, and a motion for leave to file an amended complaint. The motions will be denied.

### Background

Plaintiff, a prisoner proceeding in forma pauperis, filed this action under 42 U.S.C. § 1983 against several named defendants. Plaintiff alleged that he suffers from a disability and must use a cane to walk. Plaintiff claimed that his prison doctor prescribed a medical lay-in for him, which stated that he required the lower bunk on the lower floor. Plaintiff said that defendant Brown was informed of the lay-in but deliberately chose to ignore it. Plaintiff maintained that Brown forced plaintiff to use an upper floor; plaintiff alleged this caused him to fall down a set of stairs and injure

himself. Plaintiff said that Brown claimed that "Jane Doe," a nurse for Correctional Medical Services, told Brown that plaintiff could use the stairs.

On initial review under 28 U.S.C. § 1915(e), the Court determined that the complaint was frivolous or failed to state a claim as to all defendants except Brown. The Court, therefore, dismissed all defendants except Brown, and ordered Brown to respond to the complaint.

Plaintiff subsequently moved the Court for permission to file an amended complaint, which the Court granted. In his amended complaint, plaintiff realleged his claims against Brown and Jane Doe. Upon review of the amended complaint, the Court found that the allegations against Jane Doe sounded in negligence and failed to state a claim for deliberate indifference to serious medical needs. In consequence, the Court again dismissed the allegations against defendant Jane Doe.

1.    Motions for Appointment of Counsel

Plaintiff filed a motion for appointment of counsel on September 30, 2009, and a second motion on November 2, 2009. Plaintiff believes that appointment of counsel is necessary because plaintiff cannot afford counsel, because the issues in this case are complex, because plaintiff has limited access to a law library, and because plaintiff is not knowledgeable of the law.

There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

Upon reviewing the relevant factors and the legal and factual issues in this case, the Court finds that appointment of counsel is not warranted. The Court has already determined that plaintiff has stated non-frivolous allegations against defendant Brown. However, the factual and legal issues regarding Brown and plaintiff's injuries are not complex. The factual and legal determinations in this action will relate to plaintiff's fall from the stairs and whether Brown was deliberately indifferent to plaintiff's serious medical needs. The Court does not anticipate that further investigation into these facts, outside of normal discovery, will be necessary for plaintiff to present his case to the Court. As a result, the motions for appointment of counsel will be denied.

2.    <u>Motion for Enforcement of Discovery</u>

Plaintiff filed a motion for enforcement of discovery on September 30, 2009.  In his motion, plaintiff stated that he attempted to obtain discovery through the prison's grievance system.  Plaintiff claimed that he attempted to obtain information regarding all officials with knowledge of plaintiff's claim.  Defendant responds that plaintiff's request for discovery was premature, that plaintiff never served upon Brown any requests for discovery, and that the motion did not comply with Local Rule 3.04(A).

Defendant is correct.  The Court entered its Case Management Order on September 28, 2009; the Case Management ordered that the parties were to make their initial disclosures no later than November 2, 2009.  Plaintiff has not disputed defendant's claim that plaintiff never actually served any discovery requests on defendant.  Furthermore, plaintiff's motion does not allege that plaintiff served any proper discovery requests.  Finally, Local Rule 3.04(A) requires that any discovery motion contain a statement that the parties conferred in good faith in an effort to resolve the discovery dispute on their own but were unable to do so.  The motion contains no such statement.  As a result, the motion for enforcement of discovery will be denied.

3.    <u>Motion to Amend Complaint</u>

Plaintiff seeks to bring his claims against former defendant Jane Doe back into this lawsuit by filing an amended complaint.  The Court previously dismissed plaintiff's claims against Jane Doe because those claims sounded in negligence and did not demonstrate deliberate indifference to plaintiff's serious medical needs.   In his proposed amended complaint, however, plaintiff does not bring any new factual allegations against Jane Doe.  Plaintiff merely adds legal conclusions to the proposed amended complaint to the effect that Jane Doe "deliberately disregarded" plaintiff's medical needs.  Legal conclusions or recitations of a cause of action do not state a claim for relief.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  As a result, the allegations against Jane Doe in the proposed amended complaint are dismissible, and the motion to amend the complaint will be denied as futile.  <u>E.g.</u>, <u>Moore v. Kayport Package Exp., Inc.</u>, 885 F.2d  531 (9th Cir. 1989) (leave to amend may not be given if complaint, as amended, is subject to dismissal).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to appoint counsel (Docket Nos. 21 and 26) are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for enforcement of discovery (Docket No. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file an amended complaint (Docket No. 25) is **DENIED**.

Dated this 24th day of November, 2009.

_Frederick R. Buckles_

FREDERICK R. BUCKLES
UNITED STATES MAGISTRATE JUDGE